***EFILED***
Case Number 2012L 000218
LexisNexis Transaction ID: 42533521
Date: Feb 16 2012 8:37AM
Matt Melucci
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| HENRY RUPPEL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs.- ) | Case No. 12-L-_____ |
| ) | |
| A.O. SMITH CORPORATION, ) | |
| ALFA LAVAL, INC. (sued individually and as ) | |
|   successor-in interest to SHARPLES, INC. and ) | |
|   DE LAVAL SEPARATOR COMPANY ) | |
| ARMSTRONG INTERNATIONAL, INC. ) | |
| AURORA PUMP COMPANY, ) | |
| BETTIS LABORATORY, INC., ) | |
| BUFFALO PUMPS, INC. (sued individually and ) | |
|   as successor-in-interest to BUFFALO FORGE ) | |
|   COMPANY ) | |
| BW/IP INTERNATIONAL, INC. ) | |
|   (and its wholly owned subsidiaries) ) | |
| CARVER PUMP COMPANY ) | |
| CBS CORPORATION, a Delaware Corporation ) | |
|   f/k/a VIACOM INC., successor by merger to ) | |
|   CBS CORPORATION, a Pennsylvania ) | |
|   Corporation f/k/a WESTINGHOUSE ) | |
|   ELECTRIC CORPORATION, ) | |
| CLEAVER-BROOKS INC., f/k/a Cleaver Brooks, a ) | |
|   division of Aqua-Chem, Inc., ) | |
| CRANE CO., (sued individually and as ) | |
|     Successor-in-interest to CHAPMAN VALVE ) | |
|     COCHRANE, INC., a/k/a JENKINS ) | |
|   VALVES, INC., a/k/a PACIFIC PUMP, INC.) ) | |
| CROWN CORK & SEAL COMPANY, INC., ) | |
| CROSBY VALVE & GAGE COMPANY; ) | |
| DOVER CORPORATION (sued individually and as ) | |
|   successor-in-interest to BLACKMER PUMP CO.) ) | |
| DRAVO CORP. ) | |
| ELLIOTT TURBOMACHINERY CO., INC., ) | |
| FLOWSERVE CORPORATION (sued ) | |
| · Individually and as successor-in-interest to ) | |
|   DURCO PUMP; DURION PUMP; ANCHOR PUMPS; ) | |
|   DARLING PUMPS; SUPERIOR GROUP; ) | |
|   PACIFIC PUMPS; SIER-BATH; ) | |
|   BW/IP INTERNATIONAL, INC., f/k/a ) | |



12-L-

| | |
|---|---|
| BYRON JACKSON PUMP DIVISION and | ) |
| EDWARDVALVE & MANUFACTURING) | ) |
| FMC CORP. as Successor of NORTHERN | ) |
|    PUMPS and PEERLESS PUMPS, | ) |
| FOSTER WHEELER ENERGY CORPORATION | ) |
|    (sued individually and as Successor-in-interest to | ) |
|    C.H. WHEELER), | ) |
| GARDNER DENVER, INC., | ) |
| GENERAL ELECTRIC COMPANY, | ) |
| GEORGIA-PACIFIC LLC, | ) |
| GOULDS PUMPS, INC., | ) |
| HONEYWELL INTERNATIONAL INC., | ) |
|    f/k/a ALLIEDSIGNAL, INC., as successor-in-interest | ) |
|    to the BENDIX CORPORATION | ) |
| IMO INDUSTRIES, INC. (sued individually and as | ) |
|    successor-in-interest to DE LAVAL TURBINE, INC.) | ) |
| INGERSOLL RAND COMPANY | ) |
| ITT INDUSTRIES, INC. (sued individually and as | ) |
|    successor-in-interest to BELL & GOSSETT) | ) |
| JOHN CRANE, INC., | ) |
| KAISER GYPSUM COMPANY, INC., | ) |
| LESLIE CONTROLS, INC. | ) |
| MCNALLY INDUSTRIES, INC. (individually and as | ) |
|    successor-in-interest to NORTHERN PUMP) | ) |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| THE NASH ENGINEERING COMPANY | ) |
| PNEUMO ABEX CORPORATION, | ) |
| STERLING FLUID SYSTEMS (USA), LLC | ) |
|    (f/k/a PEERLESS PUMP COMPANY) | ) |
| UNION CARBIDE CORPORATION; | ) |
| VELAN VALVE CORPORATION; | ) |
| VIAD CORP., (sued individually and as successor in | ) |
|    interest to GRISCOM-RUSSELL); | ) |
| VIKING PUMPS INC., | ) |
| WARREN PUMPS, LLC, | ) |
| YORK INTERNATIONAL CORPORATION; | ) |

                Defendants.

## **ORIGINAL COMPLAINT**

## **COUNT I**

### NEGLIGENCE COUNT AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, HENRY RUPPEL, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1. The Plaintiff, HENRY RUPPEL, was employed by the following employers: U.S. NAVY, HEFLING ENGINEERING COMPANY, BETTIS LABORATORY INC., C.W. BLAKESLEE, and WESTINGHOUSE ELECTRIC CORPORATION.

2. During the course of the Plaintiff, HENRY RUPPEL'S employment, the Plaintiff, was primarily and secondarily exposed to and inhaled asbestos fibers emanating from certain products he was working with and around, which were manufactured, sold, distributed or installed by the Defendants: A.O. SMITH CORPORATION, ALFA LAVAL, INC. (sued individually and as successor-in-interest to SHARPLES, INC. and DE LAVAL SEPARATOR COMPANY), ARMSTRONG INTERNATIONAL, INC., AURORA PUMP COMPANY, BETTIS LABORATORY, INC., BUFFALO PUMPS, INC. (sued individually and as successor-in-interest to BUFFALO FORGE COMPANY), BW/IP INTERNATIONAL, INC. (and its wholly owned subsidiaries), CARVER PUMP COMPANY, CBS CORPORATION, a Delaware Corporation f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, CLEAVER-BROOKS INC., f/k/a Cleaver Brooks, a division of Aqua-Chem, Inc., CRANE CO., (sued individually and as Successor-in-interest to CHAPMAN VALVE COCHRANE, INC., a/k/a JENKINS VALVES, INC., a/k/a PACIFIC PUMP, INC.), CROWN CORK & SEAL COMPANY, INC., CROSBY VALVE & GAGE COMPANY; DOVER CORPORATION (sued individually and as successor-in-interest to BLACKMER PUMP CO.), DRAVO CORP., ELLIOTT TURBOMACHINERY CO., INC., FLOWSERVE CORPORATION (sued Individually and as successor-in-interest to DURCO PUMP; DURION PUMP; ANCHOR PUMPS; DARLING PUMPS; SUPERIOR GROUP; PACIFIC PUMPS; SIER-BATH; BW/IP INTERNATIONAL, INC., f/k/a BYRON JACKSON PUMP DIVISION and EDWARD VALVE & MANUFACTURING), FMC CORP. as Successor of NORTHERN PUMPS and PEERLESS PUMPS,     FOSTER WHEELER ENERGY CORPORATION    (sued individually and as Successor-in-interest to C.H.

WHEELER), GARDNER DENVER, INC., GENERAL ELECTRIC COMPANY, GEORGIA-PACIFIC LLC, GOULDS PUMPS, INC., HONEYWELL INTERNATIONAL INC., f/k/a ALLIEDSIGNAL, INC., as successor-in-interest to the BENDIX CORPORATION, IMO INDUSTRIES, INC. (sued individually and as successor-in-interest to DE LAVAL TURBINE, INC.), INGERSOLL RAND COMPANY, ITT INDUSTRIES, INC. (sued individually and as successor-in-interest to BELL & GOSSETT), JOHN CRANE, INC., KAISER GYPSUM COMPANY, INC., LESLIE CONTROLS, INC., MCNALLY INDUSTRIES, INC. (individually and as successor-in-interest to NORTHERN PUMP), METROPOLITAN LIFE INSURANCE COMPANY, THE NASH ENGINEERING COMPANY, PNEUMO ABEX CORPORATION, STERLING FLUID SYSTEMS (USA), LLC (f/k/a PEERLESS PUMP COMPANY), UNION CARBIDE CORPORATION; VELAN VALVE CORPORATION; VIAD CORP., (sued individually and as successor in interest to GRISCOM-RUSSELL); VIKING PUMPS INC., WARREN PUMPS, LLC, YORK INTERNATIONAL CORPORATION.

6. At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

7. HENRY RUPPEL'S exposure to and inhalation of the asbestos fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendants.

8. The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

9. That on or about October 19, 2011 the Plaintiff first became aware that he had developed Mesothelioma.

10. At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around the products of the Defendants containing asbestos.

11. The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

(a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;

(d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers contained in them;

(e) Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f) Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

(g) Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

12. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced

disease and conditions; Plaintiff has experience, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of her asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing her normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and her estate; further, by reason of the sickness of the Plaintiff, her family has been deprived, and will continue to be deprived, of her means of support and society.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT II

### WILLFUL AND WANTON

COMES NOW the Plaintiff, HENRY RUPPEL, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1. - 8. Plaintiff repeat and reallege Paragraphs 1 - 8 of Count 1 as and for Paragraphs 1 - 8 of this Count II.

9. Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

> (a) Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b) Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c) Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d) Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers in them;

(e) Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f) Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g) Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

10. Plaintiff repeats and realleges Paragraph 9 of Count I as and for Paragraphs 10 of this Count II.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT III

### CONSPIRACY

COMES NOW the Plaintiff, HENRY RUPPEL, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1– 8. Plaintiff repeats and realleges Paragraphs 1 - 8 of Count I as and for Paragraphs 1- 8 of this Count III.

9. During the course of his employment, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around which were manufactured, sold or distributed by the Defendants named in Count I above.

10. The Defendants, including METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, and/or their predecessors-in-interest in Madison County, Illinois, Cicero, Illinois, Chicago, Illinois, Libertyville, Illinois and Waukegan, Illinois as well as other locations, knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities, including Johns-Manville Corporation, Union Asbestos & Rubber Company, Pittsburgh-Corning Corporation and United States Gypsum, to cause Plaintiff's injury, disease and illness by exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose himself to said dangers. In this connection, Plaintiff

has sued METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION in their capacities as co-conspirators. Defendants committed the above-described wrongs, some of which wrongful conduct occurred at the locations above, by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

11. In furtherance of said conspiracy, Defendants, METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, performed the following overt acts:

(a) for many decades, Defendants METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic and potentially deadly;

(b) despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully and maliciously:

(1) withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, lung cancer and other illnesses and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2) caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, lung cancer and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

      (3)    distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

  (c)    In addition, certain of the defendants, including but not limited to METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff from contracting an asbestos disease or cancer.

  (d)    In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

  (e)    As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

12.    Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Plaintiff and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing

products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

13. As a direct and proximate result of Defendants' intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon which data the Plaintiff reasonably relied, the Defendants caused asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to be used by Plaintiff and Plaintiff inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

14. Additionally and alternatively, as a direct and proximate result of Defendants' actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff and workers such as Plaintiff, of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos dust. Because of this ignorance on the part of the Plaintiff, Defendants' failure to warn, Defendants' concealment from the Plaintiff of the alteration of their published test results, and the actions and omissions and concerted design and conspiracy of METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, some of which wrongful conduct occurred in Madison County, Illinois, and others, all as described above, the Plaintiff was exposed to asbestos and asbestos-containing products and/or machinery containing or calling for the use of asbestos and/or asbestos-containing products used at her places of employment and/or her family members' place employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in her

developing lung cancer.

15. As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer, which will ultimately lead to her death; Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experienced, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of her asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing her normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and her estate; further, by reason of the sickness of the Plaintiff, her family has been deprived, and will continue to be deprived, of her means of support and society.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT IV

### NEGLIGENT SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, HENRY RUPPEL, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1. Prior to the commencement of this case, Defendants had in their respective possession, custody and control documents and information relating to issues in this case.

2. Upon information and belief, said issues include, but are not limited to: the identification of asbestos-containing products to which Plaintiff was exposed, the locations to, and at, which defendants sold, distributed and applied asbestos-containing products; the identity of the manufacturers and others in the distribution chain of said products; and, defendants' knowledge, notice and information regarding the hazards of asbestos and whether or not they were negligent.

3. It was foreseeable to a reasonable person/entity in the respective positions of Defendants, that said documents and information constituted evidence, which was material to potential civil litigation-namely, asbestos litigation. Said defendants had a duty to maintain and preserve said documents and information because they knew or should have known that said documents and information were material evidence in potential asbestos litigation.

4. Plaintiff has sought, but been unable to obtain, full disclosure of relevant documents and information from Defendants, leading to the inference that Defendants destroyed and otherwise disposed of said documents and information.

5. Said defendants and each of them breached their duty to preserve said material evidence by destroying and otherwise disposing of said documents and information, at a time when they and each of them knew or should have known that the same constituted material evidence in potential civil litigation.

6. As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially

12-L-

liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

7. As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that her Court deems appropriate.

## COUNT V

### WILLFUL AND WANTON SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, HENRY RUPPEL, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants, state:

1. Plaintiff herein incorporates by reference paragraphs 1-5 of Count IV.

2. In destroying and disposing of said material evidence, said defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

3. As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

4. As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

## COUNT VI

### STRICT LIABILITY/ULTRA-HAZARDOUS ACTIVITY

COMES NOW, the Plaintiff, HENRY RUPPEL, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants state:

1. Defendants BETTIS LABORATORY INC. and CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION,. owned, operated and/or controlled premises located in Pittsburg, PA at all times relevant hereto.

2. Plaintiff was present on said premises of BETTIS LABORATORY INC. and CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION. as an independent contractor.

3. While present upon the above-named premises of Defendant, Plaintiff was exposed to asbestos fiber emanating from asbestos containing materials and raw asbestos present and being used at said premises by Plaintiff and others. Plaintiff was exposed to and inhaled, ingested or otherwise absorbed the asbestos fibers.

4.  As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff contracted lung cancer.

5.  The latency period for asbestos related diseases is in excess of any potentially applicable repose period for filing a workers' compensation or administrative occupational disease claim.

6.  Plaintiff's exposure to and inhalation, ingestion and/or absorption of said asbestos fibers was foreseeable and could or should have been anticipated by Defendant and each of them.

7.  Defendant knew or should have known that exposure to asbestos fibers posed an unreasonable risk of harm to Plaintiff and others similarly situated.

8.  Defendant's use of asbestos-containing products and raw products at the above-named facilities, in a manner causing the release of asbestos fibers, constituted an ultra-hazardous activity. Defendant is strictly liable for injuries caused by such activity, regardless of the amount care exercised.

9.  That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been, and in the future will be, compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of her asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing her normal course of employment, thereby losing large sums of monies which otherwise would have accrued

to him and her estate; further, her family has been deprived of her means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT VII

### NEGLIGENCE

COMES NOW, the Plaintiff, HENRY RUPPEL, by his attorneys, Napoli Bern Ripka Shkolnik LLP, and for his cause of action against the Defendants state:

1-8. Plaintiff repeats and realleges Paragraph 1-8 of Count VI as Paragraph 1-8 of this Count VII.

9. Plaintiff was unaware and had no reasonable way to know or realize the risks of being exposed to asbestos. Defendants should have anticipated that Plaintiff did not know and would not discover or realize the risks of being exposed to asbestos fibers.

10. Defendants had a duty to use ordinary care to see that the premises, at which Plaintiff was rightfully present, were in a reasonably safe condition for use by the Plaintiff and to use ordinary care for the safety of Plaintiff in conducting any operations or activities on said premises.

11. Defendants breached their duties to Plaintiff and were negligent in one or more of the following respects:

    (a) Specified/required the use/application/removal of asbestos-containing materials by Plaintiff, and others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;

(b) Required Plaintiff to perform work in the vicinity of those using/applying/removing asbestos-containing materials;

(c) Purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

(d) Failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendant knew or should have known were available.;

(e) Failed to warn Plaintiff that he was working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff was being exposed to asbestos fibers and of the adverse health effects of such exposure;

(f) Failed to require and/or advise Plaintiff, other employers and/or outside contractors to use safety equipment and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;

(g) Failed to require and/or advise its employees including Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home; and,

(h) Failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos.

12. As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing Plaintiff to develop the aforementioned asbestos-related disease.

13. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of

said asbestos fibers; that as a further result of her asbestos-induced disease and conditions, the Plaintiff has been and will continue to be hindered and prevented from pursuing her normal course of employment, thereby losing large sums of monies which otherwise would have accrued to her and her estate; further, by reason of the Plaintiff's illness, her family has been deprived of her means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

Respectfully submitted,

NAPOLI BERN RIPKA SHKOLNIK LLP

By: /s/ Steven M. Aroesty
Steven M. Aroesty (Bar # 6194869)
241 North Main Street
Edwardsville, IL 62025
(618) 364-8176
Saroesty@NapoliBern.com