IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY RUPPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-293-GPM |
| | ) |
| A.O. SMITH CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case, which comes to the Court on removal from state court, is before the Court on the motion for remand to state court for lack of federal subject matter jurisdiction brought by Plaintiff Henry Ruppel (Doc. 12). Ruppel alleges that he contracted mesothelioma from exposure to asbestos. Defendant CBS Corporation ("CBS"), a Delaware corporation, successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Viacom, Inc., f/k/a Westinghouse Electric Corporation ("Westinghouse"), claims that part of Ruppel's exposure to asbestos occurred while Ruppel, who served in the United States Navy ("USN") from 1946 until 1954, was aboard the *U.S.S. Fall River*. CBS claims that B.F. Sturtevant, a company acquired by Westinghouse in 1945, furnished engines, pumps, turbines, and other equipment containing asbestos for the *U.S.S. Fall River*. CBS claims also that a portion of Ruppel's exposure to asbestos occurred while Ruppel, as an employee of Defendant Bettis Laboratory, Inc. ("Bettis"), from 1957 until 1971, was overseeing the construction of the *U.S.S. Enterprise*, a vessel for which Westinghouse supplied propulsion turbines and other equipment containing asbestos. This case was filed originally in the

Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and has been removed to this Court by CBS, which alleges federal subject matter jurisdiction on the basis of 28 U.S.C. § 1442, the so-called "federal officer" removal statute.[1]

Pursuant to 28 U.S.C. § 1442, a defendant may remove "[a] civil action . . . commenced in a State court . . . against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal officer, CBS must prove three elements: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Ruppel's claim and the acts CBS

---

1. CBS's co-Defendants in this case, in addition to A.O. Smith Corp. and Bettis, are: Alfa Laval, Inc., individually and as successor-in-interest to Sharples, Inc., and De Laval Separator Co.; Armstrong International, Inc.; Aurora Pump Co.; Buffalo Pumps, Inc., individually and as successor-in-interest to Buffalo Forge Co.; BW/IP International, Inc., and its wholly-owned subsidiaries; Carver Pump Co.; Cleaver-Brooks, Inc., a division of Aqua-Chem, Inc., f/k/a Cleaver Brooks; Crane Co., individually and as successor-in-interest to Chapman Valve Cochrane, Inc., a/k/a Jenkins Valves, Inc., a/k/a Pacific Pump, Inc.; Crown Cork & Seal Co., Inc.; Crosby Valve & Gage Co.; Dover Corp., individually and as successor-in-interest to Blackmer Pump Co.; Dravo Corp.; Elliott Turbomachinery Co., Inc.; Flowserve Corp., individually and as successor-in-interest to Durco Pump; Durion Pump; Anchor Pumps; Darling Pumps; Superior Group; Pacific Pumps; Sier-Bath; BW/IP International, Inc., f/k/a Byron Jackson Pump Division and Edwardvalve & Manufacturing; FMC Corp., as successor of Northern Pumps and Peerless Pumps; Foster Wheeler Energy Corp., individually and as successor-in-interest to C.H. Wheeler; Garden Denver, Inc.; General Electric Co.; Georgia-Pacific, LLC; Goulds Pumps, Inc.; Honeywell International Inc., as successor-in-interest to Bendix Corp., f/k/a Alliedsignal, Inc.; Imo Industries, Inc., individually and as successor-in-interest to De Laval Turbine, Inc.; Ingersoll Rand Co.; ITT Industries, Inc., individually and as successor-in-interest to Bell & Gossett; John Crane, Inc.; Kaiser Gypsum Company, Inc.; Leslie Controls, Inc.; McNally Industries, Inc., individually and as successor-in-interest to Northern Pump; Metropolitan Life Insurance Co.; Nash Engineering Co.; Pneumo Abex Corp.; Sterling Fluid Systems USA, LLC, f/k/a Peerless Pump Co.; Union Carbide Corp.; Velan Valve Corp.; Viad Corp., individually and as successor-in-interest to Griscom-Russell; Viking Pumps, Inc.; Warren Pumps, LLC; and York International Corp.

allegedly performed under the direction of a federal officer; and (3) CBS has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007). Removal pursuant to Section 1442 does not require CBS to notify or obtain the consent of any other Defendant in this case in order to remove the entire case to federal court. *See Vickroy v. A.W. Chesterton, Inc.*, Civil No. 11-531-GPM, 2011 WL 4529467, at *1 (S.D. Ill. Sept. 28, 2011). As the proponent of removal, however, CBS "bears the burden of establishing federal jurisdiction," and "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

As already has been noted, CBS claims that it is entitled to invoke federal officer jurisdiction because Ruppel's alleged exposure to asbestos occurred while he was working on or around USN vessels for which CBS or its predecessor-in-interest supplied equipment. There is no question, of course, that CBS is a "person" for purposes of the first prong of the test of federal officer jurisdiction. *See Glein v. Boeing Co.*, Civil No. 10-452-GPM, 2010 WL 2608284, at *2 (S.D. Ill. June 25, 2010) (a corporation is a "person" within the meaning of 28 U.S.C. § 1442). With respect to the second and third prongs of the test, CBS claims that in designing equipment for USN vessels, the company acted under the direction of the USN and that the company is entitled to assert the so-called "government contractor defense" or "military contractor defense." That defense provides generally, of course, that a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States

approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction with respect to Ruppel's claims against CBS based on CBS's alleged failure to warn of the asbestos contained in the products the company furnished to the USN, CBS must produce evidence that the USN prevented the company from complying with its duty to warn under state law. *See Rinier v. A.W. Chesterton, Inc.*, Civil No. 09-1068-GPM, 2010 WL 289194, at *2 (S.D. Ill. Jan. 19, 2010). Similarly, to establish the first prong of the government contractor defense, CBS must show that the USN approved specific warnings that precluded CBS from complying with its state-law duty to warn. *See Gragg v. Alfa Laval, Inc.*, Civil No. 09-773-GPM, 2009 WL 4110389, at *3 (S.D. Ill. Nov. 20, 2009).[2]

CBS's notice of removal asserts that the company or its predecessor-in interest were subject to very extensive supervision by the USN in designing and manufacturing equipment for military vessels. Nonetheless, extensive governmental supervision, without more, is insufficient to establish federal officer jurisdiction. "[P]recedent and statutory purposes make clear that the private person's 'acting under' must involve an effort to assist, or to help carry out, the duties or tasks of the federal

---

2. "The second prong of the test of federal officer jurisdiction and the first prong of the government contractor defense are very similar, obviously, and they tend to merge in the analysis of a claim of federal officer jurisdiction." *Sublett v. Air & Liquid Sys. Corp.*, Civil No. 11-433-GPM, 2011 WL 2672339, at *1 n.2 (S.D. Ill. June 30, 2011) (citing *Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 147-48 & n.11 (D. Mass. 2007)).

superior." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007) (citing *Davis v. South Carolina*, 107 U.S. (17 Otto) 597, 600 (1883)) (emphasis omitted). However, "acting under" requires more than simply complying with laws or regulatory orders. Thus, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id*. at 153. Most importantly, CBS does not allege that the USN prevented the furnishing of appropriate warnings about asbestos contained in equipment designed and manufactured for the USN by private contractors. However, to show a causal nexus between Ruppel's claims and acts that CBS or its predecessor in interest allegedly took at the direction of a federal officer, CBS, as the removing Defendant, must "show that the federal officer really did make [the contractor] do it." *Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at *7 (S.D. Ill. Oct. 3, 2007) (quotation omitted). The Court is mindful that, "[b]ecause federal officer removal is rooted in an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit, although such jurisdiction is read expansively in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Clayton v. Cerro Flow Prods., Inc.*, Civil No. 09-550-GPM, 2010 WL 55675, at *3 (S.D. Ill. Jan. 4, 2010) (quotation omitted). Also, "the Court is required to resolve all doubts in favor of remand, and to construe the factual record in this case most strongly against removal." *Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at *4 (S.D. Ill. Mar. 28, 2008). This action is due to be remanded to state court.

To conclude, Ruppel's motion for remand (Doc. 12) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket. The motion to dismiss for lack of personal jurisdiction (Doc. 32) and the motion for disclosure (Doc. 37) brought by Defendant Flowserve Corporation are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: April 20, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge