IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

HENRY RUPPEL, )
 )
    Plaintiffs, )
 ) CIVIL ACTION NO. 3:12-cv-00293-GPM-SCW
vs. )
 ) (Circuit Court No. 12-L-218)
 )
A.O. SMITH CORPORATION, et al., )
 ) **DEFENDANT GENERAL ELECTRIC**
    Defendants. ) **COMPANY'S NOTICE OF REMOVAL**
 )

## DEFENDANT GENERAL ELECTRIC COMPANY'S JOINDER TO NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, Defendant General Electric Company ("GE") hereby join in CBS Corporation, A Pennsylvania corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation's ("CBS Corporation") removal of this action filed by Plaintiff Henry Ruppel from the Circuit Court of Madison County, Illinois to the United States District Court for the Southern District of Illinois, which is the judicial district in which this action is pending. In joining the removal of this action, GE show the following as an additional basis for removal of this action to this Court:

    1.    On or about February 16, 2012, plaintiff Henry Ruppel filed a Complaint in Civil Action in the Third Judicial Circuit Court, Madison County, Illinois, Docket Number 12-L-218. A true and correct copy of the original Complaint is separately attached hereto as *Exhibits "A."* GE was served with the Complaint on or about March 12, 2012.

    2.    In the Complaint, Plaintiff alleges he contracted an asbestos-related disease, namely mesothelioma, as a result of exposure to allegedly asbestos-containing products "manufactured, sold, distributed or installed" by various defendants. (Plaintiff's Complaint,

Exhibit A, Count I, ¶ 2). The Complaint allege counts against GE of (1) Negligence as to Manufacturers of Asbestos Products, (2) Willful and Wanton Misconduct as to Manufacturers of Asbestos Products, (3) Negligent Spoliation of Evidence, and (4) Willful and Wanton Spoliation of Evidence.

3. Also on or about March 12, 2012, Plaintiff served GE with Responses to Standard Asbestos Interrogatories Directed to Plaintiff, attached separately hereto as ***Exhibit "B,"*** along with a work history chart entitled "Henry Ruppel – Work History," attached separately hereto as ***Exhibit "C."*** These Responses to Standard Asbestos Interrogatories and work history chart added significant factual details that had been absent from the Complaint, including details concerning Plaintiff's work history and product identification. Plaintiff's Responses to Standard Asbestos Interrogatories and work history chart represent the first paper from which GE could determine that the case was removable.

4. On April 5, 2012, CBS Corporation removed the case to the United States District Court for the Southern District of Illinois, Case Number 3:12-cv-00293-GPM-SCW, pursuant to 28 U.S.C. §§ 1442 and 1446.

5. CBS Corporation's Notice of Removal was timely filed as required by 28 U.S.C. § 1446(b).

6. On April 11, 2012, Plaintiff filed a Motion to Remand to State Court.

7. On April 12, 2012, GE filed an Answer and Affirmative Defenses to Plaintiff's Complaint.

8. On April 20, 2012, this Court remanded the case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

9. On April 23, 2012, CBS Corporation filed a motion for vacatur or stay of pending remand order arguing a party is permitted thirty days to respond to a motion for remand of a case to state court.

10. This Court denied CBS Corporations motion for vacatur or stay of pending remand order on April 24, 2012.

11. On May 21, 2012, CBS Corporation filed an appeal to the United States Court of Appeals for the Seventh Circuit from an order remanding this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and an order denying CBS Corporation's motion for vacatur or stay of pending remand order.

12. On November 30, 2012, the United States Court of Appeals for the Seventh Circuit reversed this district court's decision and remanded for further proceedings consistent with the opinion.

13. Should any party file a motion to remand this case, GE respectfully requests an opportunity to respond more fully in writing and to conduct discovery limited to the issue of removal, but at this time offers the following authorities in support of removal.

### IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1442.

14. Navy turbines that GE manufactured under contract with the U.S. Navy for installation in U.S. Navy vessels were manufactured to Navy specifications and were subject to strict Navy control and supervision over all aspects of the turbines' design and manufacture, including, without limitation, the presence of asbestos in such turbines and the existence of any warnings affixed to or issued in connection with the turbines. This is established, inter alia, by the following affidavits:

  a. Declaration of David Hobson, dated January 28, 2008, with Exhibits 1 through 3 (attached hereto as ***Exhibit "D"***)

  b. Affidavit of Admiral Ben J. Lehman, dated December 30, 2010 (attached hereto as ***Exhibit "E"***)

  c. Declaration of Lawrence Stilwell Betts, MD, PhD, dated April 14, 2009 with Exhibits A through EE (attached hereto as ***Exhibits "F"***).

15. This case is removable pursuant to 28 U.S.C. § 1442(a)(1) because the action involves a person (GE) that acted under the authority of an officer or agency of the United States. A corporation, such as GE, is a "person" within the meaning of this statute. *See Fink v. Todd Shipyards*, 2004 U.S. Dist. LEXIS 6912 (E.D. La. 2004). Removal is proper under this section upon a showing (1) that a defendant acted under the direction of a federal officer, (2) that a defendant has a colorable federal defense to plaintiff's claim, and (3) that there is a causal nexus between the plaintiff's claims and the acts it performed under color of federal office. *See Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010); *Mesa v. California*, 489 U.S. 121 (1989); *Machnik v. Buffalo Pumps, Inc.*, 2007 U.S. Dist. LEXIS 68097 (D. Conn. 2007); *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1992); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996). GE can satisfy each of these three prongs relative to Plaintiff's asbestos- related claims in the instant case.

16. GE's actions at issue in this suit took place under the direct and detailed control of a federal agency - the United States Navy – as well as several Navy Officers and Navy-employed civilians, all acting under the command of the Secretary of the Navy. These individuals exercised direct control over the design and manufacture of GE Navy turbines, as well as control over all information affixed to that equipment supplied to the Navy. As demonstrated, *inter alia*, by the affidavits attached hereto, GE's Navy turbines, from which plaintiff asserts a claim for naval asbestos exposure, were manufactured according to the specifications of, and under the

direction and control of, the U.S. Navy. Finally, GE Navy turbines were subjected to extensive testing and inspection by the Navy as a prerequisite to its approval, acceptance and use of those turbines aboard Navy ships. In sum, virtually no aspect of the design and manufacture of the Navy steam turbines at issue escaped the close control of the Navy and its officers. Such facts clearly establish that GE was "acting under" the Navy and its officers in its design, manufacture and supply of Navy turbines. *E.g., Morgan v. Bill Vann Co., Inc.*, 2011 WL 6056083 (S.D.Ala. Dec 06, 2011) (see, for example, declarations of Hobson, Lehman, and Betts cited therein).

17. In this case, Plaintiff claims to have been injured, in part, due to exposure to asbestos-containing components used in connection with GE's Navy turbines. As reflected above, any use of asbestos in conjunction with such equipment was the direct result of the Navy's own detailed plans, military specifications and/or regulations. Thus, the existence of a causal nexus between GE's actions under color of its federal office and Plaintiff's claims is axiomatic.

18. As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), GE has a federal defense to these actions, i.e., government contractor immunity from liability for injuries arising from exposure to asbestos from Navy turbines manufactured under contract with the U.S. Navy, insofar as GE constructed or repaired them in accordance with Navy specifications and under strict control or supervision of the U.S. Navy. *Accord, Carley v. Wheeled Coach*, 991 F.2d 1117 (3d Cir. 1993); *Garner v. Santoro*, 865 F.2d 629 (5th Cir. 1989); *Kleemann v. McDonnell Douglas Corp.*, 890 F.2d 698 (4th Cir. 1989). A government contractor defense exists when (1) the United States approved reasonably precise specifications, (2) the equipment conformed to those specifications, and (3) the contractor warned the government about any dangers known to the contractor but not to the government. *Boyle, supra; Carley v.*

*Wheeled Coach, supra.* In the context of federal officer removal, "Plaintiff can allege an entirely state-law cause of action, but will not be able to retain the case in state courts if the claim gives rise to a colorable federal defense." *Barnes v. Various Defendants (In Re Asbestos Products Liability Litigation),* 770 F.Supp.2d 736 (E.D. Pa., 2011); *see also Hagen v. Benjamin Foster Co.,* 739 F.Supp.2d 770 (E.D. Pa. 2010); *United States v. Todd,* 245 F.3d 691 (8th Cir., 2001). The colorable defense "need only be plausible; its ultimate validity is not to be determined at the time of removal." *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424 (11th Cir. 1996). The defendant "need not win his case before he can have it removed." *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S. Ct. 1813 (1969). "Thus, a defense may be colorable even if the court ultimately rejects it. Indeed, no determination of fact is required at the removal stage. All a removing defendant needs to do is to make a showing that his federal defense 'is not without foundation and made in good faith.'" *Marley v. Elliot Turbomachinery Co., Inc.,* 545 F. Supp. 2d 1266, 1272 (S.D. Fla. 2008) (quoting *Nesbiet v. Gen. Electric,* 399 F. Supp. 2d 205, 211 n. 44 (S.D.N.Y. 2005)). The declarations attached hereto establish that GE's Navy turbines that were manufactured for the U.S. Navy were manufactured in conformity with detailed specifications of the U.S. Navy, and that GE had no knowledge concerning the potential hazards of asbestos that was not known by the U.S. Navy. Therefore, GE has established a colorable federal defense to plaintiff's claims and is entitled to remove this action pursuant to 28 U.S.C. § 1442(a)(1). *See Faddish v. General Electric Company,* 2010 WL 4146108, 2010 U.S. Dist. LEXIS 112937 (E.D. Pa. 2010) (granting summary judgment for GE as to claims of naval asbestos exposure, based upon the government contractor defense, and relying upon affidavits that are the same as, or substantially similar to, those being submitted with the present notice of removal).

|  |  |
|---|---|
| **A JURY TRIAL IS DEMANDED.** | Respectfully Submitted, <br><br> ARMSTRONG TEASDALE LLP <br><br> By:  */s/ Raymond R. Fournie* <br> Raymond R. Fournie <br> Anita M. Kidd <br> 7700 Forsyth Boulevard, Suite 1800 <br> St. Louis, MO 63105 <br> (314) 621-5070 <br> (314) 621-5065 (facsimile) <br> rfournie@armstrongteasdale.com <br> akidd@armstrongteasdale.com <br> mking@armstrongteasdale.com <br><br> ATTORNEYS FOR DEFENDANT <br> GENERAL ELECTRIC COMPANY |
| Dated: JANUARY 4, 2013 | |

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of January, 2013, Defendant General Electric Company's Joinder to Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Raymond R. Fournie*