IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY RUPPEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-293-GPM |
| | ) |
| BETTIS LABORATORY, INC., BW/IP INTERNATIONAL, CBS CORPORATION, CLEAVER-BROOKS, INC., CRANE CO., ELLIOTT TURBOMACHINERY CO, INC., FOSTER WHEELER ENERGY CORPORATION, GARDEN DENVER, INC., GENERAL ELECTRIC COMPANY, GEORGIA-PACIFIC LLC, HONEYWELL INTERNATIONAL INC., KAISER GYPSUM COMPANY, INC., LESLIE CONTROLS, INC., METROPOLITAN LIFE INSURANCE COMPANY, UNION CARBIDE CORPORATION, and WARREN PUMPS, LLC, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

In this case, Plaintiff claims he was exposed to asbestos from Defendants' products during his employ with the United States Navy. He claims that exposure resulted in his current diagnosis of mesothelioma. Defendant Cleaver-Brooks, Inc. filed a motion for summary judgment on January 15, 2013, arguing that Plaintiff fails to offer evidence that Cleaver-Brooks's equipment was at Plaintiff's work-sites or evidence that their equipment contained asbestos (Docs. 108, 270). Those work sites are the U.S.S. Enterprise naval vessel and the A1W United States Atomic

Commission's Bettis Plant—which served as a functional 'mock-up' of the Enterprise. The equipment at issue here are distillers, also known as evaporators, which distill salt water into fresh water for showering, cooking, plumbing, and ship propulsion. With Court leave to exceed the usual response time, Plaintiff filed an opposition to the motion for summary judgment on May 21, 2013 (Docs. 262, 263).

The Court held a hearing on Cleaver-Brooks's motion July 15, 2013 (Doc. 312). Defendant has entered the transcript for the hearing on the docket at Doc. 384-3. At that hearing, Plaintiff could not provide evidence that asbestos-containing Cleaver-Brooks distillers were at Mr. Ruppel's jobsite. The Court concluded that in the absence of certain evidence that Cleaver-Brooks manufactured the distillers where Plaintiff worked, and evidence that those particular distillers contained asbestos, summary judgment was warranted. *See* TRANSCRIPT HEARING MOTION FOR SUMMARY JUDGMENT, Doc. 384-3. The Court did, however, give Plaintiff thirty additional days to produce proof that distillers at his jobsites had contained asbestos and were manufactured by Cleaver-Brooks (Doc. 313). Plaintiff later moved for further time to adduce the necessary evidence, which Defendant opposed but which the Court granted (Docs. 341, 349).

Now before the Court is Plaintiff's supplemental evidence (Doc. 382). Cleaver-Brooks has filed a motion to strike certain deposition testimony relied upon in Plaintiff's supplemental brief (Doc. 383) and a response to the supplemental brief (Doc. 384). Defendant's motion to strike the exhibit deposition testimony is **DENIED.** Plaintiff, however, has not come up with sufficient evidence, so Defendant's motion for summary judgment is **GRANTED**.

While the Court must, and does, draw inferences from the underlying facts in favor of the

non-moving party, the problem for Plaintiff here is the dearth of facts pointing to Defendant's culpability. If Plaintiff cannot show that Defendant's product contained asbestos and was *there* where Plaintiff worked, then no rational trier of fact could find for Plaintiff. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-88 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). In an asbestos case, the Seventh Circuit Court of Appeals has described plaintiff's burden to withstand summary judgment thus:

> [P]laintiff must produce evidence sufficient to support an inference that he inhaled asbestos dust from the defendant's product…this inference can be made only if it is shown that the defendant's product, as it was used during the plaintiff's tenure at the job site, could possibly have produced a significant amount of asbestos dust and that the asbestos dust might have been inhaled by the plaintiff. A plaintiff does not meet this burden simply by establishing that he inhaled asbestos dust; rather, he must produce evidence tending to show that e inhaled asbestos produced by the *defendant's* product.

*Harris v. Owens-Corning Fiberglas Corp.,* 102 F.3d 1429, 1432 (7th Cir. 1996) (internal quotations omitted) (emphasis in original).

The supplemental evidence adduced is insufficient because it does not show that an asbestos-containing Cleaver-Brooks distiller was present at Plaintiff's worksite. Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Board of Educ. of City of Chicago,* 385 F.3d 1104, 1111 (7th Cir. 2004). Plaintiff fails to put up here with regards to Cleaver-Brooks's products. For the reasons stated on the record, Defendant's motion for

summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

**DATED**: September 17, 2013

                s/ *G. Patrick Murphy*
                G. PATRICK MURPHY
                United States District Judge