IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY RUPPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12–cv–0293–GPM–SCW |
| ) | |
| BETTIS LABORATORY INC., CBS ) | |
| CORP. f/k/a/ WESTINGHOUSE ) | |
| ELECTRIC CO., CRANE CO., ELLIOT ) | |
| TURBOMACHINERY CO. INC., ) | |
| GENERAL ELECTRIC CO., GEORGIA ) | |
| PACIFIC LLC, HONEYWELL INT'L, ) | |
| KAISER GYPSUM CO. INC., LESLIE ) | |
| CONTROLS INC., METROPOLITAN ) | |
| LIFE INS. CO., UNION CARBIDE ) | |
| CORP., and WARREN PUMPS LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# ORDER

**WILLIAMS, Magistrate Judge:**

This case comes before the Court on Plaintiff's Motion for Sanctions against Defendant CBS/Westinghouse pursuant to Federal Rules of Civil Procedure 26(g) and 37(d) (Doc. 412). The Court heard oral argument on this Motion on October 17, 2013 and October 29, 2013. The Court **DENIES** Plaintiff's Motion for Sanctions.

Plaintiff seeks sanctions against CBS/Westinghouse for allegedly withholding evidence, specifically, withholding approximately 36,000 pages of documents that had been produced in another asbestos case involving the same physical facility and a coworker of Plaintiff's. Plaintiff alleged that he only discovered the existence of the so-called Harris documents on September 6, 2013 (Doc. 412). Plaintiff further alleged that as of September 16, 2013, he had received less than 500 pages of documents, and that his ability to take the deposition of Thomas McCaffrey was accordingly hindered because CBS had not previously produced the Harris

1

documents. (Doc. 412). Plaintiff also alleged that CBS/Westinghouse had not disclosed all of Plaintiff's coworkers at its facility in its Rule 26 disclosures. Finally, Plaintiff alleged that these omissions were deliberate and intentional. (Doc. 412). Plaintiff requested sanctions, including an order directing CBS/Westinghouse to produce those documents and supplement discovery, an order re-opening discovery, and for costs incurred in prosecuting the Motion and re-deposing two witnesses.

In response, CBS/Westinghouse alleged that the attorneys in the Harris case had been in contact with Plaintiff's counsel as early as the fall of 2012 about possibly using Plaintiff as a witness in that case. (Doc. 414). The Harris case was also mentioned by CBS/Westinghouse witness Leo Romer, who was disposed on July 25, 2013. Plaintiff's counsel agreed at the October 29 hearing that they had been in contact with the attorneys for the Harris case in the fall of 2012, but insisted that those conversations did not mention the documents in question here.

CBS/Westinghouse also argues that it has properly served and objected to discovery requests regarding these documents throughout the pendency of this case. For example, in response to Plaintiff's November 7, 2012 request for production, CBS/Westinghouse objected on the grounds that the request was "overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. . . [but] Westinghouse will produce the non-privileged documents contained in its asbestos litigation document repository, including its historic Industrial Hygiene files. . ." (Doc. 412 pp. 3-4). Plaintiff never asked the Court for a ruling on any objections to the November 7, 2012 Requests for Production. On June 4, 2013, CBS/Westinghouse responded to additional Requests for Production from Plaintiff. In addition to many of the grounds previously asserted, CBS/Westinghouse also objected to these Requests for Production on the grounds that "it seeks information or documents that is prohibited from disclosure by federal law and/or regulations regarding the protection of

2

classified material and sensitive but unclassified material . . . [but] to the extent that unclassified documents exist in Westinghouse's possession, custody, or control that are responsive to this request and not prohibited from disclosure by federal law and/or regulations, Westinghouse will produce them. Otherwise, Westinghouse will produce documents in its possession or control responsive to this request, if any, to the extent it is authorized by the U.S. Government and/or BPMC to do so." (Doc. 412, p. 5).

At the hearing, counsel for CBS/Westinghouse explained that it produced the documents in the Harris case prior to the United States Government accepting their tender of the defense of the case. Once the government got involved in that case, it demanded that CBS/Westinghouse not produce the documents in any other litigation without its approval. Counsel for CBS/Westinghouse stated that he had made efforts to get the documents produced prior to May 2013, but cannot produce those emails due to the government's security concerns. Once the persons most knowledgeable (PMK) depositions were scheduled, counsel for Westinghouse was able to apply more pressure on his government contacts to release the documents. CBS/Westinghouse ultimately decided to release the documents unless the government specifically objected to the disclosure on September 24, 2013.

CBS/Westinghouse also produced evidence that it had sent Plaintiff's counsel the Harris documents on the day prior to the filing of the present Motions for Sanctions. CBS put two CDs of documents in the mail to Plaintiff's counsel on September 24, 2013, and emailed Plaintiff's counsel that she could expect those documents shortly. (Doc. 414-1). Plaintiff filed his Motion for Sanctions on the next day, September 25, 2013 (Doc. 412), but did not dispute at either of the two hearings that he had received the documents in question. CBS/Westinghouse does not dispute that the documents were not produced seven days prior to the PMK depositions, as previously ordered by the Court.

## ANALYSIS

As an initial matter, the Court determined after the October 16, 2013 portion of the hearing that Plaintiff's objections based on Federal Rule of Civil Procedure 26 were overruled. The Court will not disturb that ruling here.

Rule 37(d) provides, in pertinent part, that the court may, on motion, issue any just orders, including those authorized by Rule 37(b)(2)(A)(i)–(vi), if a party or its person most knowledgeable fails to appear at that person's deposition or if a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. **FED. R. CIV. P. 37 (d).** Rule 37 requires a court to require the erring party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." While a court need not limit itself to the least drastic sanction, the imposed sanction must be "proportionate to the circumstances surrounding a party's failure to comply with the discovery rules." ***Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 672 (7th Cir. 1996) (citing *Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992)).**

Here, the Court finds that sanctions are not appropriate. The Court granted Plaintiff's request to retake the depositions of Thomas McCaffrey and Leo Romer in its October 17, 2013 order, and extended the time for Plaintiff to respond to CBS/Westinghouse's Motion for Summary Judgment. (Doc. 416). No further relief is justified at this time. The Court accepts the evidence in the record, and the representations of counsel for CBS/Westinghouse that they were required to get government approval before producing the Harris documents. Ideally, this process should have started sooner. The Court also notes that the November 2012 responses to the Requests to Produce are misleading in that they do not clearly lay out the relationship between the government and CBS/Westinghouse with regards to production and control of documents.

However, the June 2013 objections to the supplemental Requests to Produce are explicit on that point.  Plaintiff never took up these objections or requested a ruling.  In fact, Plaintiff did not bring any discovery disputes to the Court's attention until July 31, 2013, ten days before the original discovery period was set to close.  (See Docs. 138, 319).  Plaintiff is required to prosecute his case and timely bring discovery disputes to the Court's attention.  The Court finds that the June 2013 objections encompass the current situation, and that therefore, the failure to produce the documents prior to September 24, 2013 was not intentional on the part of CBS/Westinghouse because they were waiting for government approval.  Other than the relief already ordered by the Court, no further sanctions are justified.  Motion for Sanctions (Doc. 412) is **DENIED**.

**IT IS SO ORDERED.**　　　　　　　　　　**/s/ *Stephen C. Williams***
**DATE: October 31, 2013**　　　　　　　**STEPHEN C. WILLIAMS**
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge